IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV. 10-97-MA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| $11,500.00 in UNITED STATES CURRENCY, et al., *in rem*, | |
| Defendants. | |

Dwight C. Holton
United States Attorney
District of Oregon
Robert D. Nesler
Assistant U.S. Attorney
1000 S.W. 3rd Ave., Suite 600
Portland, OR 97204-2902

    Attorneys for Plaintiff

Frank de la Puente
1610 12th Street, N.E.
Salem, Oregon, 97302

    Attorney for Claimant Charles Guerrero

MARSH, Judge

    Plaintiff brings this civil forfeiture proceeding pursuant to 21 U.S.C. § 881; and 28 U.S.C. §§ 1345, 1356 & 1395.  Currently

1 - OPINION AND ORDER

before the court is Claimant Charles Guerrero's motion to dismiss (#8). For the reasons set forth below, the motion is denied.

## BACKGROUND

The government filed this action *in rem* on February 1, 2010. Attached to the complaint is the affidavit of Senior Special Agent Guy Gino, Department of Homeland Security, Immigration and Customs Enforcement, which establishes the factual support for the complaint as follows:

On July 1, 2009, a Deputy Multnomah County Sheriff contacted the Oregon High Intensity Drug Trafficking Area Interdiction Taskforce to report that Virgil Wood was attempting to post $11,500 in cash to bail out Rosalie Guerrero (who had been arrested the previous evening for possession with intent to distribute Heroin). Affidavit of Special Agent Guy Gino in Support of Complaint in Rem for Forfeiture at 4. When questioned about the currency, Wood provided inconsistent answers as to its source. Id. A narcotics detection canine sniff of the currency was positive for the odor of narcotics. Id.

Wood subsequently consented to a search of his vehicle. Id. at 5. As the officers and Wood walked toward Wood's vehicle, they encountered Claimant Charles Guerrero. Id. Although Wood initially indicated he did not know Guerrero, Guerrero informed the officers that he had come to town with Wood, and had given him the money to post bail for his wife. Id. at 5-6. Guerrero indicated

2 - OPINION AND ORDER

that he did not post the bail himself because he had no valid identification aside from an Oregon Department of Corrections (ODOC) inmate release card. Id. at 6-7. The officers searched Guerrero and found $2,971.00 in his pant's pockets, several pills, and a Tootsie Pop sucker. Id. at 6-7. Guerrero was transported to the Portland Police Bureau's Drugs and Vice Division. Id. at 7.

Wood consented to a search of his vehicle. Id. The drug detection canine alerted to the odor of drugs on a black bag in the trunk of the car. Id. The officers searched the bag and found 3.6 grams of heroin (an amount consistent with street level quantities of distribution), mail with Rosalie Guerrero's name on it, and Tootsie Pops similar to the sucker found in Claimant Guerrero's pocket. Id. at 7.

Wood later told officers that he was helping Guerrero bail out his wife, and that Guerrero had given him the bail money. Wood stated that Guerrero was homeless and unemployed but seemed to have money, was living on Wood's couch, and that Wood often returned home to find Guerrero meeting with people he believed to be drug dealers. Id. at 7-8.

## DISCUSSION

The government contends that the defendants, *in rem*, $11,500.00 & $2,971.00 in United States Currency, represent proceeds traceable to an exchange for controlled substances, or

3 - OPINION AND ORDER

were used or intended to be used to facilitate such a transaction, and are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). In his motion to dismiss, Guerrero contends that the complaint fails to state a claim because it does not allege that Guerrero or Wood were on their way to, or from, a drug transaction on the day the money was seized, and because it is unreasonable to believe that the dog sniff on the money will have any probative value in the government's burden at trial. Claimant's Memo. at 6-7 & 10.

Rule G(2) sets forth the pleading requirements for a complaint in a civil forfeiture proceeding. Pursuant to that rule, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. Rules") G(2)(f) & G(8)(b). When ruling on a motion to dismiss, this court accepts the factual allegations of the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

At trial, the government will bear the burden of proving, by a preponderance of the evidence, that the seized currency is forfeitable, and that there is a substantial connection between the currency and the drug offense. 18 U.S.C. § 983(c)(1) & (3). However, at the pleading stage, the government need not identify

4 - OPINION AND ORDER

the particular drug offense to which the currency was connected, so long as the allegations of the complaint are otherwise sufficient to support the reasonable belief that the government will be able to carry its ultimate burden of proof at trial. United States v. Two Parcels of Property Located in Russell Cty., Ala., 92 F.3d 1123, 1127 (11th Cir. 1996); United States v. $42,990.00 U.S. Currency, 2010 WL 2506360, *4 (M.D. Tenn. June 17, 2010), adopted by, 2010 WL 2803954 (M.D. Tenn. Jul. 15, 2010); United States v. Funds in the Amt. of $45,000.00, 2007 WL 2323307, *5 (N.D.Ill. 2007).  A complaint may not be dismissed on the ground the government did not have adequate evidence *at the time the complaint was filed*.  28 U.S.C. § 983(a)(3)(D) (emphasis added).

As outlined above, the government alleges the following facts to support the forfeiture of the seized U.S. Currency:  (1) the seized $11,500.00 was used for posting bail for Guerrero's wife who was accused of distributing heroin; (2) the individual posting the bail (Wood) provided inconsistent answers as to the source of the money; (3) a canine search of the $11,500.00 was positive for the odor of narcotics; (4) Guerrero was recently released from the ODOC and was in possession of a large sum of U.S. Currency and pills; (5) a bag located in Wood's vehicle, in which Guerrero was a passenger, contained heroin and personal items associated with Guerrero and his wife; (6) Wood stated that Guerrero is unemployed,

5 - OPINION AND ORDER

always seems to have money, and is known to associate with persons believed to be drug dealers.

The foregoing allegations provide sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial. The fact that Guerrero *may* be able to attack the probative value of the canine detection evidence[1] does not dictate a contrary result. Accordingly, Claimant Guerrero's motion to dismiss is denied.

In so holding, it is worthy of note that the Ninth Circuit has held that the government also most demonstrate that it had probable cause to initiate a foreclosure proceeding under 19 U.S.C. § 1615. <u>United States v. $493,850.00 in U.S. Currency</u>, 518 F.3d 1159, 1167-69 (9th Cir. 2008), <u>cert. denied</u>, 129 S.Ct. 1308 (2009) (concluding that probable cause requirement of § 1615 survived enactment of the Civil Asset Forfeiture Reform Act of 2000). However, I do not construe plaintiff's motion as raising a challenge under § 1615. In any event, the probable cause requirement is an evidentiary burden, not a pleading requirement, and must be challenged in a motion for summary judgment or at trial. <u>United States v. 2007 Custom Motorcycle; VIN: 1R9SM296271423003</u>, 2010 WL 2721899, *2

---

[1] As correctly noted by the government, the Ninth Circuit has reaffirmed the importance of alerts from drug dogs trained to detect transient by-products from narcotics, indicating recent contact with drugs. <u>See</u> <u>United States v. Currency, U.S. $42,000.00</u>, 283 F.3d 977, 982-83 (9th Cir. 2002).

(D.Ariz. Jul. 7, 2010); <u>see also</u> Supp. Rule G(8)(b)(ii). Alternatively, I conclude that the allegations set forth above satisfy the probable cause requirement.

## **CONCLUSION**

Based on the foregoing, Claimant Guerrero's Motion to Dismiss (#8) is DENIED.

IT IS SO ORDERED.

DATED this _28_ day of July, 2010.

                                    __/s/  Malcolm F. Marsh_____
                                    Malcolm F. Marsh
                                    United States District Judge