IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV. 10-97-MA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| $11,500.00 in UNITED STATES CURRENCY, et al., *in rem*, | |
| Defendants. | |

Dwight C. Holton
United States Attorney
District of Oregon
Robert D. Nesler
Assistant U.S. Attorney
1000 S.W. 3rd Ave., Suite 600
Portland, OR 97204-2902

    Attorneys for Plaintiff

Frank de la Puente
1610 12th Street, N.E.
Salem, Oregon, 97302

    Attorney for Claimant Charles Guerrero

MARSH, Judge

    The government brings this civil forfeiture proceeding pursuant to 21 U.S.C. § 881; and 28 U.S.C. §§ 1345, 1356 & 1395.

1 - OPINION AND ORDER

Currently before the court is Claimant Charles Guerrero's second motion to dismiss and for judgment on the pleadings (#36). For the reasons set forth below, the motion is denied.

## BACKGROUND

The government filed this action *in rem* on February 1, 2010. On March 15, 2010, claimant moved the court to dismiss this proceeding on the basis that the "complaint fails to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Claimant's Memo. in Support at 1 & 10. In support of his motion, claimant set forth the applicable law as follows:

> The standard for pleading in a judicial forfeiture proceeding is governed by Rule G(2) of the Supplemental Rules of Civil Procedure for Admiralty and Maritime Claims, ("Rule G"), which provides that the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

Id. at 4.

On July 28, 2010, I denied claimant's motion to dismiss, concluding that the following allegations provide *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden at trial*:

> (1) the seized $11,500.00 was used for posting bail for . . . Guerrero's wife who was accused of distributing heroin; (2) the individual posting the bail (Wood) provided inconsistent answers as to the source of the money; (3) a canine search of the $11,500.00 was positive for the odor of narcotics; (4) Guerrero was recently released from the ODOC and was in possession of a large

2 - OPINION AND ORDER

>     sum of U.S. Currency and pills; (5) a bag located in
>     Wood's vehicle, in which Guerrero was a passenger,
>     contained heroin and personal items associated with
>     Guerrero and his wife; (6) Wood stated that Guerrero is
>     unemployed, always seems to have money, and is known to
>     associate with persons believed to be drug dealers.

Opinion and Order at 5-6.

Claimant now argues that the complaint fails to state a claim under Rule E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") because it fails to "state the circumstances from which the claim arises with such particularity that Claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Claimant's Memo. in Support at 1-2 & 5. Specifically, claimant argues that the government must plead with particularity facts demonstrating a substantial connection between the seized property and the offense.

## DISCUSSION

As outlined above, this court previously held that the complaint satisfies the pleading standard set forth in Rule G(2)(f). Opinion and Order at 4-6. In so holding, I opined that "at the pleading stage, the government need not identify the particular drug offense to which the currency was connected, so long as the allegations of the complaint are otherwise sufficient to support the reasonable belief that the government will be able to carry its ultimate burden of proof at trial." Id. at 4-5.

3 - OPINION AND ORDER

I decline to revisit the sufficiency of the complaint under Rule G(2)(f). Rather, I address only claimant's contention that a different result is warranted when the complaint is evaluated under Rule E(2)(a).

Rule E(2)(a) of the Supplemental Rules provides:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

On December 1, 2006, Rule G of the Supplemental Rules was adopted. That rule provides in relevant part:

> **(1) Scope.** This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.
>
> **(2) Complaint.** The complaint must:
>
> * * *
>
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

The Advisory Committee Notes explain the relationship between Rules G(2)(f) and E(2)(a):

> Rule G is added to bring together the central procedures that govern civil forfeiture actions. Civil forfeiture actions are in rem proceedings, as are many admiralty proceedings. As the number of civil forfeiture actions has increased, however, reasons have appeared to create sharper distinctions within the framework of the Supplemental Rules.

4 - OPINION AND ORDER

* * * *

Rule E(2)(a) requires that the complaint in an admiralty action "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." **Application of this standard to civil forfeiture actions has evolved to the standard stated in subdivision 2(f). The complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.** *See U.S. v. Mondragon*, 313 F.3d 862 (4th Cir. 2002). **Subdivision (2)(f) carries this forfeiture law forward without change.**

Multiple district courts have addressed the foregoing language, concluding that whether evaluated under Rule G(2)(f), or under *both* Rules E and G, the government's complaint need only set forth facts that support a reasonable belief that the money seized is subject to forfeiture. U.S. v. $21,408.00 in U.S. Currency, 2010 WL 4687876 *2 (S.D.Ga. Nov. 10, 2010); U.S. v. $40,000.00 in U.S. Currency, 2010 WL 2330353 *4 (W.D.N.C. May 11, 2010); U.S. v. Funds in the Amount of $45,050.00, 2007 WL 2323307 *3 (N.D.Ill. Aug. 9, 2007); United States v. $50,040.00 in U.S. Currency, 2007 WL 1176631 *2-*3 (N.D.Cal. Apr. 20, 2007). I agree with those decisions.

Accordingly, and based upon my previous conclusion that the government has pled sufficiently detailed facts to support a reasonable belief that it will be able to meet its burden at trial,

5 - OPINION AND ORDER

claimant's motion to dismiss or for judgment on the pleadings is denied.

## CONCLUSION

Claimant Guerrero's Motion to Dismiss and for Judgment on the Pleadings (#36) is DENIED.

IT IS SO ORDERED.

DATED this _8___ day of December, 2010.

                                          _/s/  Malcolm F. Marsh_____
                                          Malcolm F. Marsh
                                          United States District Judge